OPINION
Appellants Lyle and Deborah Hensel appeal the decision of the Stark County Court of Common Pleas that affirmed the decision of the Lake Township Board of Zoning Appeals ("BZA"). The BZA concluded that Appellee Sumser Realty, LLC ("Sumser Realty") did not need a variance or a lot split for a proposed development of seven buildings consisting of two units each, for a total of fourteen condominium units, and a commercial retail structure since the property is zoned C-2 and falls within the definition of a commercial complex. The following facts give rise to this appeal.
Sumser Realty owns a 4.71 acre parcel of land located at 8627 Cleveland Ave. NW in Lake Township. This parcel of land is divided into two zoning classifications. The front four hundred fifty feet of the property is zoned C-2 and the rear four hundred fifty feet of the property is zoned R-2. The issues raised in this appeal concern the front four hundred fifty feet of the property zoned C-2. Appellants' property consisting of approximately a one-acre lot adjoins the rear of Sumser Realty's property. According to appellants, the terrain of Sumser Realty's property has created a surface water drainage problem on their property. Appellants believe Sumser Realty's proposed development will aggravate the existing drainage problem.
The development proposed by Sumser Realty, on the property zoned C-2, consists of seven buildings, each containing two condominium units. An existing commercial retail building already stands on the property. Initially, in order to develop this property, Sumser Realty made two applications to the Stark Regional Planning Commission for approval of a lot split to separate the commercial use from the proposed residential use. The Regional Planning Commission denied Sumser Realty's requests. Sumser Realty also applied to the Lake Township Zoning Inspector, requesting a variance, or, in the alternative, a finding no variance was necessary because the township zoning resolution permits multiple buildings, in the C-2 district, on the same tract of land.
Prior to the issuance of the zoning inspector's opinion, an opinion was sought from the Stark County Prosecutor's Office. The prosecutor issued two opinions which clearly indicated the need for a variance. In accord with the prosecutor's opinions, the zoning inspector determined that Sumser Realty needed a variance from the zoning resolution.Sumser Realty filed an appeal with the BZA. The BZA conducted a hearing and the parties presented evidence. Sumser Realty argued that the anticipated use of the property was permitted under a C-2 designation because this particular project constituted a commercial complex. Although Section 307.1 of the zoning code permits only one building devoted to one primary use per parcel, Sumser Realty argued a commercial complex would provide an exception to this provision. The BZA agreed with Sumser Realty's argument and determined a variance was not required for the proposed building complex. Appellants filed an administrative appeal, to the Stark County Court of Common Pleas, pursuant to R.C. 2506.04. Appellants argued the BZA's interpretation of the zoning code and the application of such interpretation to the proposed development in question was unreasonable, arbitrary, contrary to the language, intent and purposes of the zoning code and thereby contrary to law. The trial court concluded a variance was required for planned use and remanded the issue to the BZA. Appellants then appealed to this court. In an opinion issued on September 24, 2001, we affirmed the decision of the trial court and remanded the matter to the BZA for further proceedings consistent with our opinion.[1]
Following remand, the BZA scheduled a new public hearing on February 1, 2001. At the hearing, the members of the BZA conducted a discussion and voted on a motion that Sumser Realty's proposed development of seven buildings, on land zoned C-2, with an existing commercial retail structure, fell within the definition of a commercial complex and that such development could be considered a single use for purposes of Section 411.01(A)(21) of the zoning code and therefore, would not require a lot split or a variance. The BZA passed the motion.
Appellants again filed an administrative appeal with the trial court. In a judgment entry filed on May 23, 2001, the trial court affirmed the decision of the BZA. Appellants have timely filed an appeal of the trial court's decision, to this court, and set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT IN AFFIRMING THE ADMINISTRATIVE DECISION OF THE BOARD OF ZONING APPEALS WHICH FOUND THAT SEVEN DUPLEX BUILDINGS PLUS ONE COMMERCIAL RETAIL BUILDING PROPOSED TO BE CONSTRUCTED ON A SINGLE 2.6 ACRE PARCEL OF LAND FALLS WITHIN THE DEFINITION OF "COMMERCIAL COMPLEX" UNDER THE LAKE TOWNSHIP ZONING RESOLUTION AND WOULD BE A PERMITTED USE IN THE C-2 GENERAL COMMERCIAL ZONING DISTRICT AND COULD BE CONSTRUCTED WITHOUT EITHER A VARIANCE OR ANY REQUIREMENT FOR SPLITTING OF THE LOT TO SEPARATE THE PROPOSED COMMERCIAL FROM THE PROPOSED RESIDENTIAL USES, IMPLIES AN INCORRECT STANDARD OF REVIEW AND GAVE AN UNNECESSARILY WEIGHTY AND INAPPROPRIATE DEGREE OF DEFERENCE TO THE STATUTORY INTERPRETATION OF "COMMERCIAL COMPLEX" MADE BY THE BOARD OF ZONING APPEALS.
 II. THAT, IN ANY EVENT, THE TRIAL COURT (SIC) DECISION AFFIRMING THE DETERMINATION OF THE BOARD OF ZONING APPEALS FINDING THAT THE DEVELOPMENT OF SEVEN DUPLEX BUILDINGS AND ONE COMMERCIAL RETAIL BUILDING ON A SINGLE 2.6 ACRE PARCEL OF LAND WOULD FALL WITHIN THE DEFINITION OF "COMMERCIAL COMPLEX" AND WOULD BE A PERMITTED USE WITHIN THE C-2 GENERAL COMMERCIAL DISTRICT AND COULD BE CONSTRUCTED WITHOUT EITHER A VARIANCE OR ANY REQUIREMENT FOR SPLITTING OF THE LOT TO SEPARATE THE PROPOSED COMMERCIAL USES FROM THE PROPOSED RESIDENTIAL USES, WAS ARBITRARY, UNREASONABLE, UNSUPPORTED BY THE SUBSTANTIAL WEIGHT OF THE EVIDENCE CONSTITUTING THE RECORD IN THIS CASE, CONTRARY TO THE CLEAR PURPOSES AND INTENT OF THE LAKE TOWNSHIP ZONING RESOLUTION, AND THEREBY ALSO AN ABUSE OF DISCRETION AND CONTRARY TO LAW.
 Standard of Review
Appellants appealed this matter pursuant to R.C. 2506 et. seq. R.C.2506.04 sets forth the applicable standard of review and provides as follows:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.
The Ohio Supreme Court recently construed the above language in the case of Henley v. Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147, and stated as follows:
 [W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See Smith v. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 612, * * *, citing Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 206-207, * * *.
Our standard of review to be applied in an R.C. 2506.04 appeal is "more limited in scope." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City School Dist. Bd. of Edn. v. State Emp. RelationsBd. (1988), 40 Ohio St.3d 257, 261.
It is based upon this limited scope of review that we review appellants' two assignments of error.
 I
In their First Assignment of Error, appellants contend the trial court, in affirming the decision of the BZA, applied an incorrect standard of review and gave an unnecessarily weighty and inappropriate degree of deference to the statutory interpretation of commercial complex. We disagree.
Appellants essentially argue, in this assignment of error, that the trial court gave too much deference to the decision of the BZA. Instead, appellants argue that since the interpretation of the term commercial complex is a legal issue, the trial court did not have to defer to the decision of the BZA. In support of this argument, appellants cite to the trial court's statement, in its judgment entry, that if the matter had been presented to the trial court in the first instance, rather than coming to the trial court through the BZA, the court would have determined that the proposed development of seven condominium buildings and one commercial building would not fall within the meaning of a commercial complex. Judgment Entry, May 23, 2001, at 5.
Appellants contend there is no case law in the State of Ohio that addresses this specific issue and refers the court to decisions rendered in other states that generally provide no deference is required when interpreting statutory terms. See Raritan Devel. Corp. v. Silva (1997),91 N.Y.2d 98, 667 N.Y.S.2d 327, 689 N.E.2d 1373 and Jantausch v. Boroughof Verona (1956), 41 N.J. Super. 89, 124 A.2d 14.
This court also has not been able to find any case law, from the State of Ohio, that would permit the application of a different standard of review based on whether the administrative appeal raises a factual or legal issue for the trial court to decide. In fact, the Ohio Supreme Court has consistently held that the applicable standard of review for appeals pursuant to R.C. 2506.01 is contained in R.C. 2506.04. The Court most recently addressed the applicable standard in the Henley case,supra.
We generally agree that a reviewing court, when addressing a legal issue, applies a de novo standard of review. However, this case involves an appeal from an administrative agency. In Willoughby Hills v. C.C.Bar's Sahara, Inc. (1992), 64 Ohio St.3d 24, 26, the Supreme Court of Ohio stated that "[i]n the absence of constitutional or statutory authority, the aggrieved party may not seek appellate review of the order of an administrative determination as the right to appeal is neither inherent nor inalienable." Further, Article IV, Section 4(B) of the Ohio Constitution provides that courts of common pleas have "powers of review of proceedings of administrative officers and agencies" only "as may be provided by law."
Thus, appellants' right to appeal to the trial court is granted by statute. The Ohio Constitution clearly provides that a common pleas court's power of review is to be defined by law. The General Assembly defined this standard of review in R.C. 2605.04. There exists no case law or statute, in the State of Ohio, that changes this standard of review according the nature of the issue under consideration. Thus, we conclude the applicable standard of review to be applied in an administrative appeal pursuant to R.C. 2506 et seq., involving either evidentiary or legal issues, is contained in R.C. 2506.04.
Appellants' First Assignment of Error is overruled.
 II
Appellants contend, in their Second Assignment of Error, that the BZA's interpretation of the term commercial complex was arbitrary, unreasonable, unsupported by the substantial weight of the undisputed evidence and thereby contrary to law. We disagree.
In support of this assignment of error, appellants argue the term commercial describes the type of complex and therefore, since the proposed seven buildings are for residential use they may not be included in a commercial complex. Thus, appellants maintain a split of the parcel is necessary to separate the residential use from the pre-existing commercial use. Appellants also maintain the BZA improperly relied upon the concept of cumulative zoning because cumulative zoning does not change the character of a residential use to a commercial use so as to meet the definition of a commercial complex.
In support of this argument, appellants cite the case of Symmes Twp.Bd. of Trustees v. Smyth (2000), 87 Ohio St.3d 549. In this case, the Supreme Court held that:
 A site zoned `E Retail Business District' is not `an area zoned for residential use' subject to township zoning regulation of telecommunications towers under R.C. 519.211(B)(1)(c), even though some residential uses are permitted in that business district. Id. at syllabus.
In addressing the issues raised in the Symmes Twp. Bd. of Trustees
case, the Supreme Court stated that cumulative zoning schemes permit some residential uses in nearly every zone. Id. at 556. However, the focus of the case concerned the interpretation of the phrase "an area zoned for residential use." The Supreme Court concluded that this phrase "* * * means an area zoned as a residential district, an area with a residential zoning classification under the township's zoning resolution, or an area zoned primarily for residential use." Id. at 558. Thus, the fact that cumulative zoning permits residential uses in a commercial district does not mean that commercial districts containing residential uses are districts zoned for residential uses. In applying the logic from theSymmes Twp. Bd. of Trustees case to the case sub judice, appellants contend the BZA incorrectly concluded that since cumulative zoning permits residential structures to be built in commercially zoned areas that residential structures are commercial uses.
In response, the BZA and Sumser Realty argue that Lake Township's zoning code is cumulative and that under the zoning code, residential as well as commercial uses are permitted in a C-2 district. This analysis first begins with the definition of complex. The zoning code does not define the term commercial complex, but it does define the term complex as "a group of buildings or structures on one parcel with varied uses[.]" Lake Twp. Zoning Resolution, Art. II at 2-4. In a C-2 district, a commercial complex is considered a permitted use. Also under the C-2 district, a permitted use includes "[a]ll buildings, structures, and uses permitted in Commercial District — Light[.]" One permitted use under the C-1 district is "[a]ll buildings, structures, and uses permitted in the Residential Districts. Thus, because the buildings proposed by Sumser Realty are permitted in the residential districts, these buildings are also permitted in the C-1 and C-2 districts as permitted uses.
Accordingly, under the concept of cumulative zoning and the above interpretation of the zoning code, it is not necessary that we determine whether Sumser Realty's proposed buildings comprises a commercial complex. Rather, the zoning code permits residential uses in a C-2 district.
Appellants' Second Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellants shall pay costs in this matter.
Hon. William B. Hoffman, P. J., Hon. John W. Wise, J., Hon. John F. Boggins, J., concur.
[1] Lyle Hensel, et al. v. Bd. of Zoning Appeals Lake Twp., et al. (Sept. 24, 2001), Stark App. No. 2001CA00046, unreported.